IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII IRON WORKERS HEALTH AND WELFARE TRUST FUND, BY ITS TRUSTEES, CLYDE EUGENIO, SHON T.G.P. MOEAI, LINCOLN P. NAIWI, JR., JOSEPH V. ODONNELL, MELVIN KAHELE, BRONSON PARIS, LINCOLN NAIWI, SR., EDSON HOO, TODD KAWIKA CHUN, BRANDEN CHUN, DOUGLAS F. EWART, GAYLORD LOVELL, HENRY TAKAHASHI, STEVE DENNISON,;  HAWAII IRON WORKERS STABILIZATION FUND, BY ITS TRUSTEES, LINCOLN NAIWI, SR., JOSEPH V. ODONNELL, EDSON HOO, JOHN WATANABE;  HAWAII IRON WORKERS TRAINING TRUST FUND, BY ITS TRUSTEES, CLYDE EUGENIO, SHON T.G.P. MOEAI, LINCOLN P. NAIWI, JR., JOSEPH V. ODONNELL, MELVIN KAHELE, BRONSON PARIS, LINCOLN NAIWI, SR., EDSON HOO, TODD KAWIKA CHUN, BRANDEN CHUN, DOUGLAS F. EWART, GAYLORD LOVELL, HENRY TAKAHASHI, STEVE DENNISON,;  HAWAII IRON WORKERS VACATION & HOLIDAY TRUST FUND, BY ITS TRUSTEES, CLYDE EUGENIO, SHON T.G.P. MOEAI, LINCOLN P. NAIWI, JR., JOSEPH V. ODONNELL, MELVIN KAHELE, BRONSON PARIS, LINCOLN NAIWI, SR., EDSON HOO, | CIV. NO. 20-00410 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO AWARD PLAINTIFFS' REASONABLE ATTORNEYS' FEES AND DENY PLAINTIFFS' REQUEST FOR COSTS |

TODD KAWIKA CHUN, BRANDEN CHUN, DOUGLAS F. EWART, GAYLORD LOVELL, HENRY TAKAHASHI, STEVE DENNISON; HAWAII IRON WORKERS ANNUITY TRUST FUND, BY ITS TRUSTEES, THOMAS G. PARIS, LINCOLN NAIWI, SR., JOSEPH V. ODONNELL, ARNOLD WONG, MARMION KAOPUA, JOSEPH WONG, DOUGLAS F. EWART, BRANDEN CHUN, GAYLORD LOVELL, EDSON HOO, TODD KAWIKA CHUN, STEVE DENNISON; AND HAWAII IRON WORKERS PENSION TRUST FUND, BY ITS TRUSTEES, THOMAS G. PARIS, GLENN D. EUGENIO, MELVIN KAHELE, SHON T.G.P. MOEAI, JOSEPH ODONNELL, BRONSON PARIS, TODD KAWIKA CHUN, BRANDEN CHUN, DENNIS ENOMOTO, DOUGLAS F. EWART, EDSON HOO, STEVE DENNISON;

    Plaintiffs,

 vs.

D&C WELDING STRUCTURAL & ORNAMENTAL, INC., JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENT AGENCIES 1-10, DOE TRUSTS 1-10,

    Defendants.

2

**FINDINGS AND RECOMMENDATION TO AWARD
PLAINTIFFS' REASONABLE ATTORNEYS' FEES AND
DENY PLAINTIFFS' REQUEST FOR COSTS**

Plaintiffs filed a Declaration of Brian W. Tilker in Support of Award of Attorneys' Fees and Costs ("Declaration") on January 3, 2022 in connection with the judgment debtor examination of Defendant D&C Welding Structural & Ornamental, Inc. ("Judgment Debtor").  ECF No. 49.  The Declaration sets forth the amount of attorneys' fees and costs Plaintiffs incurred in the examination of the Judgment Debtor.  On December 22, 2021, the Court awarded Plaintiffs' reasonable attorneys' fees and costs.  ECF No. 48.  The Court now evaluates whether the requested attorneys' fees and costs are reasonable.

After careful review of the Declaration, the files and records in this case, and applicable law, the Court **FINDS** Plaintiffs' request for attorneys' fees in the amount of $1,664.00 reasonable, but Plaintiffs' request for costs is unsupported.  Accordingly, the Court **RECOMMENDS** that the district court **AWARD** Plaintiffs' attorneys' fees in the amount of $1,664.00, but **DENY** Plaintiff's request for costs in the amount of $426.18.

## BACKGROUND

On July 14, 2021, default judgment ("Judgment") was entered against D&C Welding Structural & Ornamental, Inc.  ECF No. 26.  On July 26, 2021, Plaintiffs filed an Ex Parte Motion for Examination of Authorized Representative of

Judgment Debtor D&C Welding Structural & Ornamental, Inc. ("Ex Parte Motion"). ECF No. 27. The Ex Parte Motion was brought to obtain an Order by the Court to examine an authorized representative of the judgment debtor in order to enforce the Judgment. On July 28, 2021, the Court issued an Order Granting Plaintiffs' Ex Parte Motion and directed the Judgment Debtor to appear telephonically on September 2, 2021 in order to be examined as to all property Judgment Debtor owns or has an interest in and what debts are owing to the Judgment Debtor. ECF No. 29.

On September 2, 2021, the Court held a telephonic judgment debtor exam hearing, but the Judgment Debtor failed to appear. ECF No. 31. Plaintiffs requested an order to show cause regarding the Judgment Debtor's failure to appear and that the judgment debtor exam be continued to a future hearing date. Id. On October 8, 2021, an Order to Show Cause (ECF No. 32) and Order Granting Plaintiffs' Request to Continue Judgment Debtor Exam ("First Order Continuing Exam") (ECF No. 33) was entered.

On October 28, 2021, a second telephonic judgment debtor exam hearing was held, but the Judgment Debtor failed to appear again. ECF No. 34. Plaintiff confirmed that copies of the Order to Show Cause and First Order Continuing Exam were mailed, but could not confirm that the Judgment Debtor received the documents. Id. The Court thus continued the judgment debtor exam to December

1, 2021 and ordered a Second Order to Show Cause to issue. Id. The Court then issued a second Order Continuing Judgment Debtor Exam (ECF No. 35) and a Second Order to Show Cause (ECF No. 36).

On December 22, 2021, a third telephonic hearing on the judgment debtor exam and the Second Order to Show Cause was held. ECF No. 48. Plaintiffs' counsel confirmed that a copy of the Entering Order was served on the Judgment Debtor on November 20, 2021. ECF Nos. 46 & 48. However, the Judgment Debtor again failed to call or participate. ECF No. 48. Because the Judgment Debtor failed to appear, Plaintiffs' counsel requested an award of attorneys' fees and costs. Id. The Court granted Plaintiffs' request and directed Plaintiffs' counsel to submit a declaration regarding its attorneys' fees and costs. Id. The Court also granted Plaintiffs' counsel's request to permit Plaintiffs 90 days to evaluate collection options. Id. On January 3, 2022, Plaintiffs' counsel timely filed a Declaration in Support of Award of Attorneys' Fees and Costs ("Declaration"). ECF No. 49.

## DISCUSSION

The Declaration requests $1,664.00 in attorneys' fees and $426.18 in costs. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v.

5

SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors in Kerr, which have not been subsumed in the lodestar calculation. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). "'The court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award.'" Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002) (citations omitted). There is a strong presumption that the lodestar amount calculated is reasonable. See Fischer, 214 F.3d at 1119 n.4 (citing Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)).

### A.  Reasonable Hourly Rate

Plaintiffs' attorneys in this case are J. George Hetherington, Brian W. Tilker, and Jacob A. Kamstra, and Plaintiffs seek a rate of $260.00 per hour for each attorney. Mr. Hetherington is a director of the law firm Torkildson Katz and has approximately forty-three years of legal experience. Mr. Tilker is also a director of the law firm Torkildson Katz and has approximately sixteen years of legal experience. Mr. Kamstra is an associate at the law firm Torkildson Ktaz and has over two years of legal experience. The Court has carefully reviewed each

attorney's biographical statement and qualification, which are attached to the Declaration as Exhibits C through E.  ECF Nos. 49-3 through 49-5.

The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  Roberts v. City of Honolulu, 938 F.3d 1020, 1024-1025 (9th Cir. 2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016) & Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits.  Camacho, 523 F.3d at 979.  In this case, the relevant community is the District of Hawaii.

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate."  Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (citation omitted).  "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates."  Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citations omitted).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  See also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the

7

burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). In this case, Plaintiffs provided the Declaration as well as exhibits as evidence in support of their requested rates. The exhibits provide each attorney's biographical statement and qualifications (Exhibits C-E) and the average billing rates for local law firms, published by Pacific Business News (Exhibit B).

"District Courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Sam K. ex rel. Diane C., 788 F.3d at 1041 (citing Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)). Based on this Court's knowledge of the prevailing rates in the legal community for work in similar cases, the Court **FINDS** that the hourly rate of $260.00 for work performed by Messrs. Hetherington, Tilker and Kamstra is reasonable. See e.g., Hawaii Iron Workers Health & Welfare Tr. Fund v. D&C Welding Structural & Ornamental, Inc., Civ. No. 20-00410 JMS-RT, 2021 WL 2980376, at *6 (D. Haw. May 26, 2021), report and recommendation adopted sub nom. Hawaii Iron Workers Health & Welfare Tr. Fund by Trustees v. D&C Welding Structural & Ornamental, Inc., Civ. No. 20-00410 JMS-RT, 2021 WL 2960927 (D. Haw. July 14, 2021).

8

### B. <u>Hours Reasonably Expended</u>

Plaintiffs request attorneys' fees for 0.5 hours of work performed by Mr. Hetherington, 1.5 hours of work performed by Mr. Tilker and 4.4 hours of work performed by Mr. Kamstra. ECF No. 49 at PageID #: 542. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing <u>Hensley</u>, 461 U.S. at 433). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary." <u>Welch</u>, 480 F.3d at 946 (citation and quotation marks omitted).

Plaintiffs provided the Court with a billing statement detailing the work performed for the hours requested ("Exhibit A"). The Court has carefully reviewed Exhibit "A" to the Declaration and **FINDS** that the hours expended are reasonable. ECF No. 49-1 at PageID #: 546-556.

### C. <u>Reasonable Costs</u>

Plaintiffs request costs in the amount of $426.18 and state that the costs were incurred in connection with the Judgment Debtor Examination. In particular, Plaintiffs state that these costs "are for service of this Court's Order Granting Plaintiffs' Ex Parte Motion for Examination of Authorized Representative of

9

Judgment Debtor D&C Welding Structural & Ornamental [ECF No. 29], Order Continuing Judgment Debtor Exam [ECF No. 35], Second Order to Show Cause [ECF No. 36], and Entering Order dated November 16, 2021 [ECF No. 39]." ECF No. 49 at PageID #: 541.  However, Plaintiffs did not provide any receipts and the docket does not show any documentation in support of these costs such that the Court may determine whether the costs incurred are reasonable.  Accordingly, the Court **RECOMMENDS** that Plaintiffs' request for costs should be **DENIED**.

    D.    **Total Reasonable Attorneys' Fees and Costs**

The reasonable attorneys' fees are calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate for work performed by each attorney.  The calculations are summarized below:

| Timekeeper | Hourly Rate | Hours | Total |
|---|---|---|---|
| J. George Hetherington | $260.00 | 0.5 | $130.00 |
| Brian W. Tilker | $260.00 | 1.5 | $390.00 |
| Jacob A. Kamstra | $260.00 | 4.4 | $1,144.00 |
| *Total*: | | 6.4 | $1,664.00 |

Accordingly, the Court **FINDS** that the total attorneys' fees in the amount of $1,664.00 is reasonable.

## CONCLUSION

Based on the foregoing, the Court **FINDS** that the attorneys' fees requested are reasonable and **RECOMMENDS** that the district court **GRANT** Plaintiffs' attorneys' fees in the amount of $1,664.00.  The Court **FINDS** that there is

10

insufficient evidence to determine whether the requested costs are reasonable and thus **RECOMMENDS** that the district court **DENY** costs in the amount of $426.18. Plaintiffs are directed to serve Judgment Debtor with a copy of this Order and to file a certificate of service **by no later than February 15, 2022**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 9, 2022.



Rom A. Trader
United States Magistrate Judge

Civ. No. 20-00410 JMS-RT; *Hawaii Iron Workers Health and Welfare Trust Fund vs. D&C Welding Structural & Ornamental, Inc.*; Findings and Recommendation to Award Plaintiffs' Reasonable Attorneys' Fees and Deny Plaintiffs' Request for Costs